HATASATAH REALTY CO. v. GULICK.

(Supreme Court, Appellate Term, First Department.   November 8, 1912.)

LANDLORD AND TENANT (§ 231*)—LIABILITY FOR RENT—COUNTERCLAIM FOR FALSE REPRESENTATIONS.

In an action for rent, in which defendant counterclaimed for damages for false representations, in which defendant's uncontradicted testimony showed that plaintiff's agent stated that the water supply was ample and came from a driven well, whereas in fact there was rarely, if ever, sufficient water supply for ordinary household purposes, and in December substantially no water at all, because the water supply came from a brook, which was frozen solid, judgment should be given for defendant.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 926–934; Dec. Dig. § 231.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by the Hatasatah Realty Company against Ernestus Gulick. From a judgment for plaintiff, after a trial by the court without a jury, defendant appeals.  Reversed, and new trial ordered.

Argued October term, 1912, before SEABURY, GUY, and BIJUR, JJ.

Tipple & Plitt, of New York City, for appellant.

Louis B. Hasbrouck, of New York City, for respondent.

BIJUR, J.  This action was brought to recover rent for the months of December, January, and February of a country house in Connecticut.  The only question raised on this appeal is in reference to the judgment in favor of plaintiff on defendant's counterclaim for damages for false representations.

Defendant's testimony, uncontradicted either by direct testimony or circumstances, is that plaintiff's real estate agent, through whom the lease was negotiated, told defendant that the water supply was ample and came from a driven well; whereas, there rarely, if ever, was sufficient water supply for ordinary household purposes, and in December there was substantially no water at all, evidently because the water supply came, not from a driven well, but ran from a brook, which was frozen solid.  Defendant abandoned the premises, but for various reasons, which need not be adverted to here, no claim of constructive eviction is made.

As it is plain on the record, as it stands, that judgment should have been given for the defendant, it must be reversed, and a new trial ordered, with costs to appellant to abide the event.  All concur.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes